UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROBERT POINDEXTER,

      Plaintiff,

      -v-                       No. 11 Civ. 559 (LTS)(JLC)

EMI RECORD GROUP INC.,

      Defendant.

------------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

        Pro se Plaintiff Robert Poindexter ("Plaintiff") brings this copyright infringement

action against EMI Record Group, Inc. ("Defendant"). Defendant has moved to dismiss the

complaint under Federal Rule of Procedure 12(b)(6) for lack of statutory standing and failure to

state a claim. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1338 and 1331.

The Court has considered thoroughly all of the parties' submissions. For the following reasons,

the Court grants Defendant's motion.

### BACKGROUND

        Unless otherwise noted, the following facts are taken from Plaintiff's Amended

Complaint and accepted as true for purposes of this motion practice. Plaintiff was the co-

producer of the sound recording (or "master" ) of the song Thin Line Between Love and Hate

("Thin Line") and the co-writer of the underlying composition. (Amended Compl. ¶ 4). At

some point in the early 1990s, EMI sampled the master and composition of Thin Line in a single

entitled Washed Away, of which some 4 million copies have been sold. (Id. ¶¶ 5, 12). EMI did

not acquire authorization from the owners of the master or the composition. (Id.). Plaintiff

contends that the portion of Thin Line unlawfully sampled in Washed Away is "extended

throughout . . . to comprise [Washed Away's] basic foundation." (Id. ¶ 11). Defendant, who has

attached copies of the two recordings, characterizes the sampled portion as a single "F-sharp"

played on a piano for less than two seconds.

Plaintiff appends to his Amended Complaint excerpts from a 2011

Buyout/Release Agreement ("2011 Agreement")[1] with Warner/Chappell Music, Inc. (Ex. D),

which he asserts "resolved all open issues of copyright ownership in the master/compositions,

and granted [him] . . . the right to personally file copyright infringement complaints against any

unauthorized users, including EMI."[2] (Id. ¶ 12). That assertion is inconsistent with the 2011

Agreement, which memorialized Plaintiff's agreement to sell his undivided interest in "the

[musical] Compositions" – not sound recordings – in exchange for royalty payments. The 2011

Agreement does not affect Plaintiff's rights in the Thin Line sound recording in any manner.

In his original complaint, Plaintiff claimed to have entered into an agreement

("1998 Agreement") with Atlantic Recording Corporation in which he "transferred" his

ownership rights in the Thin Line master in exchange for royalty payments. (Orig. Compl. ¶ 6).

However, that characterization is also belied by the text of the 1998 Agreement, which he

---

[1]     Plaintiff subsequently produced the entire 2011 Agreement in response to the
Court's February 7, 2012, order. (See docket entry no. 38).

[2]     The section of the 2011 Agreement authorizing Plaintiff to sue provides: "Warner
agrees that the Poindexters shall have the right to pursue and prosecute copyright
infringement claims arising from Unauthorized Third-Party Uses if, and only if,
the claims do not arise from or relate to an exploitation of a musical composition
or sound recording that one or more of the Released Parties have licensed or
otherwise authorized."

attached to the original complaint (and omitted from the Amended Complaint). The 1998

Agreement stated in relevant part:

> You hereby confirm that the Masters (together with all reproductions derived therefrom and the performances embodied thereon), from the inception of the recording thereof, shall be our property in perpetuity throughout the world free from any claims whatsoever by you, and we shall have the exclusive right throughout the world to copyright the Masters in our name as the author and owner of them . . .   Each Master shall be considered a "work made for hire" for us . . . .

(Ex. I to Orig. Compl.).

Plaintiff alleges that Defendant has infringed upon his copyright in both the sound

recording and the underlying musical composition in the Thin Line.[3] Defendant now moves to

dismiss on the grounds that (1) Plaintiff is not an owner, beneficial or otherwise, of the Thin

Line sound recording and, therefore, lacks standing to sue; and (2) the Thin Line musical

composition and the Washed Away recording are not substantially similar as a matter of law.

DISCUSSION

When deciding a motion to dismiss a complaint for failure to state a claim under

Rule 12(b)(6), the Court "accept[s] as true all factual statements alleged in the complaint and

draw[s] reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet

---

[3]    Sound recordings and their underlying musical compositions are "separate works with their own distinct copyrights." In re Cellco Partnership, 663 F. Supp. 2d 363, 368-69 (S.D.N.Y. 2009) (quoting Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193, 1197 n.3 (10th Cir. 2005)); 17 U.S.C. § 102(a). A musical composition "consists of rhythm, harmony, and melody, and it is from these elements that originality is to be determined." James W. Newton v. Diamond, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002) (internal citations omitted). "A musical composition's copyright protects the generic sound that would necessarily result from any performance of the piece." Id. The sound recording, on the other hand, is "the aggregation of sounds captured in the recording." Id. (internal quotation marks omitted).

Corp., 482 F.3d 184, 191 (2d Cir. 2007). While detailed factual allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Pleadings consisting only of "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations and citations omitted). Because Plaintiff is a pro se litigant, the Court reads his supporting papers liberally. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

In determining a Rule 12(b)(6) motion to dismiss, the Court may consider the complaint, any exhibit attached to the complaint, materials incorporated in the complaint by reference, and documents that, "although not incorporated by reference, are 'integral' to the complaint." Schwartzbaum v. Emigrant Mortgage Co., No. 09 Civ. 3848, 2010 WL 2484116, at *3 (S.D.N.Y. June 16, 2010). A document is integral to the complaint if the complaint "relies heavily upon its terms and effect." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal quotations omitted). If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true. Barnum v. Millbrook Care Ltd. Partnership, 850 F. Supp. 1227, 1232-33 (S.D.N.Y. 1994). Finally, even though the Amended Complaint is the operative pleading, the Court may still credit admissions in the original complaint and attached exhibits. Sulton v. Wright, 65 F. Supp. 2d 292, 295 (S.D.N.Y. 2003) ("Admissions in earlier complaints remain binding when a plaintiff files subsequent pleadings.").

Plaintiff Lacks Standing to Sue Based on Infringement of the Sound Recording

The Copyright Act provides that "the legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C.A. § 501(b) (West 2010). The Second Circuit has interpreted this provision to mean that only "(1) owners of copyrights and (2) persons who have been granted exclusive licenses by owners of copyrights" have standing to sue for copyright infringement. Eden Toys, Inc. v. Florelee Undergarment Co., Inc., 697 F.2d 27, 32 (2d Cir. 1982).

Plaintiff advances three arguments in support of his claim that he has standing to sue based on the infringement of the Thin Line sound recording: (1) he has ownership rights in the master by virtue of his role as co-producer; (2) his continued entitlement to royalties makes him a beneficial owner; and (3) the 2011 Agreement grants him the right to sue for copyright infringements of the musical composition and the master. None of these arguments is availing.

The terms of the 1998 Agreement foreclose Plaintiff's argument that he ever had ownership rights in the masters. The Agreement states in no uncertain terms that the Atlantic Recording Corporation had ownership and exclusive rights over the Thin Line master "from its inception," and that the master was a "work made for hire." The law is clear that, where a work is made for hire, "the employer or other person for whom the work was prepared is considered the author . . . [and] owns all the rights in the copyright." 17 U.S.C.A. § 201(b) (West 2010); see Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1143-45 (9th Cir. 2003). Every circuit to consider the issue has held that the creator of a work for hire who receives royalties does not qualify as a beneficial owner. Warren, 328 F.3d at 1143-45 (9th Cir. 2003); Moran v. London R

Words, Ltd., 827 F.2d 180 (7th Cir. 1987).[4]  Finally, insofar as Plaintiff has no ownership in the

sound recording, his reliance on the 2011 Agreement's right-to-sue clause is misplaced.  Even if

the Court were to assume (1) that this clause contemplated suits for infringement of the master as

well as the sound recording copyright, and (2) that Warner/Chappell Music owned the master,

the clause could not confer standing on Plaintiff to bring suit.  See Auscape Int'l v. Nat'l

Geographic Soc'y, 409 F. Supp. 2d 235, 240 n.16 (S.D.N.Y. 2004) ("the fact that the putative

copyright holders authorized [plaintiff] to bring claims on their behalf is insufficient to confer

standing"); see also ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir.

1991) ("the Copyright Act does not permit copyright holders to choose third parties to bring suits

on their behalf").

>        Accordingly, Plaintiff lacks standing to sue for infringement of the Thin Line

sound recording.

Plaintiff Fails to State a Claim for Copyright Infringement of the Musical Composition

>        In order to establish a claim of copyright infringement, "a plaintiff with a valid

copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and

(2) the copying is illegal because a substantial similarity exists between the defendant's work and

the protectible elements of plaintiff's." Hamil Am. Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999).

To be substantially similar, the amount copied must be "more than de minimis." Castle Rock

Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137-38 (2d Cir. 1998).  Because Plaintiff

did not have standing to assert a copyright claim in the sound recording, the Court's "inquiry is

---

> 4        Cortner v. Israel, 732 F.2d 267 (2d Cir. 1984) is not to the contrary.  That case
> held that an author who parts with legal title in exchange for royalties is a
> beneficial owner entitled to bring suit.  Here, as in Warner and Moran, Plaintiff
> never possessed legal title in the first place.

confined to whether the unauthorized use of the [Thin Line musical] composition itself was

substantial enough to sustain an infringement claim." Newton v. Diamond, 388 F.3d 1189, 1193

(9th Cir. 2003).  Put differently, the Court must filter out the elements unique to the sound

recording and consider only the Thin Line's compositional elements.[5]

       For purposes of the motion to dismiss, the Court will assume that Plaintiff had a

valid copyright in the musical composition and that Defendant copied Plaintiff's work.

Defendant argues that the copying is de minimis and, relatedly, that a single note is not entitled

to copyright protection.  The sampled portion of the Thin Line consists, in its entirety, of a single

"F-sharp" pickup note played on a piano, without harmonization or any other accompaniment.

The note sounds for about two seconds at the start of Thin Line.  The sample is used in the

opening of Washed Away and repeated on loop throughout.  Otherwise, the works are wholly

dissimilar.  The Court agrees that the sampling is de minimis and cannot support a claim of

copyright infringement.  See Swirsky v. Carey, 376 F.3d 841, 851 (9th Cir. 2004) ("a single

musical note would be too small a unit to attract copyright protection (one would not want to

give the first author a monopoly over the note of B-flat for example)"); McDonald v. Multimedia

Entertainment, Inc., No. 90 Civ. 6356(KC), 1991 WL 311921, at *4 (S.D.N.Y. July 19, 1991)

("it is extremely doubtful that [a] single note and its placement in the composition is

---

[5]    While questions of substantial similarity are factual and, thus, usually resolved at the summary judgement stage, courts may conduct a visual or aural evaluation of the works and assess their similarity at the motion to dismiss stage. See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (affirming granting of a 12(b)(6) motion for lack of substantial similarity); see also Gordon v. McGinley, No. 11 Civ. 1001(RJS), 2011 WL 3648606, at *3 (S.D.N.Y. Aug. 18, 2011) (granting 12(b)(6) motion where "the dictates of good eyes and common sense lead inexorably to the conclusion that there is no substantial similarity between Plaintiff's works and the allegedly infringing compositions").

copyrightable"); see also Newton v. Diamond, 388 F.3d 1189, 1195 (9th Cir. 2004) (no substantial similarity where allegedly infringing work sampled a three note sequence and repeated it on loop).

Accordingly, the Complaint fails to state a claim of copyright infringement of the musical composition.

Plaintiff Fails to State a Fraudulent Concealment Claim

The Amended Complaint also asserts that "the infringement involves fraudulent concealment, relative to Federal Laws" because the "defendant omitted [Plaintiff's] name on the illegal versions as author, and failed to acquire authorization from the copyright owner(s)." (Amended Compl. ¶ 9). The legal basis for this claim eludes the Court. The claim appears to be entirely duplicative of Plaintiff's copyright claims addressed above, and fail for the same reason: Plaintiff cannot show that the Defendant was obligated to credit his authorship of the Thin Line or obtain his permission given the de minimis nature of the sampling and Plaintiff's lack of ownership in the sound recording.

CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss the complaint. The Clerk of Court is directed to enter judgment in favor of the Defendant and close this case. This resolves docket entry no. 25.

SO ORDERED.

Dated: New York, New York
March 27, 2012

LAURA TAYLOR SWAIN
United States District Judge